[Civ. No. 5166. Second Appellate District, Division Two.—March 28, 1929.]

GEORGE H. BLUME, Respondent, v. JESSE BERRY et al., Appellants.

L. E. Dadmun for Appellants.

James L. Hansen, John A. Harvey and Milburn G. Harvey for Respondent.

STEPHENS, J., *pro tem.*—In an action entitled *Blume* v. *Huntington Mutual Oil Co.* the defendants herein signed a bond for the release of certain property taken under attachment. The plaintiff recovered judgment in that action, and not having collected the full amount thereof from the judgment debtor, he brought suit against these defendants on the bond for the balance. At the conclusion of plaintiff's case defendants submitted a motion for nonsuit, which was denied. The defendants offered no evidence and the judgment went against them. They appeal, assigning several reasons which they claim support their prayer for a reversal of the judgment.

 Inasmuch as we think the judgment must be reversed for an obvious error we shall notice it first and then refer but briefly to the other assignments. The error upon

which we base the reversal is that the bond does not require that the signers shall pay the judgment or any unsatisfied portion thereof, but that they will "pay to the said plaintiff the full value of the property released," and there is no evidence whatever of the value of the property released. It seems too plain for argument that, there being no evidence on the very basis of the obligation, the judgment cannot stand.

 A Miss Kurrle testified that she mailed a demand to defendant Berry in care of someone else, but there is no evidence that he ever authorized this or that he ever actually received the demand. This testimony was objected to on the ground of lack of foundation and that there never was any authority for mailing any notice or demand in care of anyone. There was no evidence that the place to which the demand was sent was the address of either of the defendants. We think the objection should have been sustained.

 A Mr. French, a deputy sheriff, made an oral demand upon defendant Berry, individually and as president of the Huntington Mutual Oil Company, for the amount of the judgment or the unpaid balance thereof and for a redelivery of the attached property. The complaint and the findings are to the effect that the demand was for the "reconveyance" instead of the "redelivery" of the attached property. We think the meaning is clear that a redelivery was intended and that the proof supported both the complaint and the finding.

 Defendants contend that the judgment should be reversed because the judgment entered in the case out of which the attachment issued was and is erroneous. This is a collateral attack on the judgment and cannot be allowed.

Defendants argue that a number of the findings are unsupported by the evidence. We think the evidence does not support finding No. III, for there is no evidence of a leasehold interest in the property attached; nor Nos. IX and XI, for the only evidence supporting the dates contained therein was admitted erroneously; nor finding No. X, for the reason that there is no testimony as to the value of the attached property; nor finding No. XIII, for what has just been said it is obvious that all of the material allegations of

the complaint are not true and that all of the material allegations of the answer are untrue.

 A demurrer to the complaint was interposed in the case by the defendants and overruled by the court. Defendants devote a good part of their brief on appeal to the discussion of this demurrer, but inasmuch as they stipulated that it should be overruled by the court no good cause can be subserved by devoting any time thereto. We do think, however, that the complaint should be amended so as to allege the bond obligation more clearly, before a new trial is had.

Judgment reversed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.